IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

CAROLYN ENGLEDOW, )
)
              Plaintiff, )   No. 13cv2025 EJM
vs. )
)   ORDER
CAROLYN W. COLVIN, )
ACTING COMMISSIONER OF )
SOCIAL SECURITY, )
)
            Defendant.

Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for social security disability income benefits. Briefing concluded November 15, 2013. The court has jurisdiction pursuant to 42 USC §405(g). Affirmed.

Claiming an onset date of January 1, 2009, plaintiff, a 55 year old woman with past work history consisting of general office clerk, sales clerk, child care and respite care, alleges disability due to multiple impairments including hip instability, congenital disc disease, arthritis, and high blood pressure. She asserts the Administrative Law Judge (ALJ) erred in failing to complete a function by function assessment of her residual functional capacity (RFC), specifically that the ALJ did not take into account her "assistive device", i.e. her cane, and failed to properly evaluate her subjective allegations. Accordingly, she asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision...Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992.)

Plaintiff claims that the RFC was in error because the ALJ did not include limitations related to plaintiff's use of a cane. Plaintiff was prescribed the use of a cane in February 2011. The examiner noted she only needed it occasionally and was not using the cane at a subsequent appointment. (Tr. 474, 479, 482). Further, the RFC finding is consistent with plaintiff's own report of her abilities at the examination by Dr. Schultese in May 2009, which do not include reliance on a cane. (Tr. 238, 242).

Although plaintiff challenges the RFC determination, the ALJ properly incorporated into plaintiff's RFC those impairments and restrictions found credible (Tr. 14-17). See McGeorge v. Barnhart, 321 F.3d 766, 769 (8th Cir. 2003.) The ALJ found plaintiff retained the RFC to:

> Perform light work as defined in 20 C.F.R. §404.1567(b) in that she can occasionally lift and carry 20 pounds and frequently lift and carry 10 pounds. Her ability to push and pull is unlimited, including the operation of hand and foot controls, within these weights. She can stand and/or walk for 6 hours in an 8-hour workday and sit for 6 hours in an 8-hour workday. She can occasionally climb ramps, stairs, ladders, ropes and scaffolds. She can occasionally balance, stoop, kneel, crouch, and crawl. (Tr. 14).

The ALJ has the duty to formulate RFC based on all the relevant, credible evidence of record. Cox v. Astrue, 495 F.3d 614, 619 (8th Cir. 2007); see also 20

C.F.R. §404.1545-1546; SSR 96-8p, 1996 WL 374184 at *5. Substantial evidence on the record as a whole supports the ALJ's finding of plaintiff's RFC.

When posed with a hypothetical question that included all of plaintiff's credible impairments, the vocational expert testified such an individual could perform her past relevant work as a general office clerk and sales clerk, as those positions are generally performed in the national economy, and the position of child monitor or respite care as plaintiff performed the position. (Tr. 17-18, 43). The hypothetical question posed to the vocational expert was proper, as it included only those impairments and restrictions found credible by the ALJ. See Gragg v. Astrue, 615 F.3d 932, 940 (8th Cir. 2010.)

Because the ALJ found plaintiff not disabled at step four of the sequential evaluation process, the ALJ did not need to reach the issues raised by plaintiff regarding the application of the medical-vocational guidelines (grids) at step five of the sequential evaluation process. Where the claimant has the RFC to do either the specific work previously done or the same type of work as it is generally performed in the national economy, the claimant is found not to be disabled. See Wagner v. Astrue, 499 F. 3d 842, 853 (8th Cir. 2007); see also 20 C.F.R. §§ 404.1520(a)(4)(iv) and (f). The ALJ's conclusion that plaintiff could perform her past relevant work, predicated on the testimony of the vocational expert, is based on substantial evidence.

Finally, while plaintiff urges that the ALJ failed to properly evaluate her subjective allegations, it is the court's view that in discounting the credibility

thereof, the ALJ's evaluation was proper, and the ALJ permissibly relied upon consideration of plaintiff's inconsistencies with the objective medical evidence; her rather rigorous activities of daily living; the limited extent of treatment recommended for plaintiff's allegedly disabling impairments; and the use of predominantly over-the-counter medications for her allegedly disabling hip and back pain. "The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts." Baldwin v. Barnhart, 349 F.3d 549, 558 (8th Cir. 2003.)

Upon the foregoing, it is the court's view that the Commissioner's decision is supported by substantial evidence on the record as a whole.

It is therefore

ORDERED

Affirmed.

December 11, 2013

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT